IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| v. § | |
| § | |
| **WALTER RYAN MACAPAZ**, § | Crim. No. H-11-575 |
| **TONY DAVID MALDONADO**, and § | |
| **BUFFY MARIE LAWRENCE,** § | |
| Defendants. § | |

<u>GOVERNMENT'S 5K MOTIONS and SENTENCING MEMORANDUM</u>

TO THE HONORABLE JUDGE OF SAID COURT:

The United States is requesting that the Court depart downward pursuant to United States Sentencing Guidelines § 5K1.1 *only for two* of the three defendants, as explained below.

## I.
## <u>Tony Maldonado</u>

The United States has no objection to defendant Tony Maldonado's Presentence Investigation Report which finds (in para. 79) that the appropriate sentencing range for Mr. Maldonado is 70 to 87 months.   However, the United States hereby **moves the Court to depart downward <u>by one third</u> from this range pursuant to § 5K1.1** because of defendant Maldonado's substantial assistance in the investigation of other persons.

Defendant Maldonado confessed to the FBI about his role in the mortgage fraud scheme freely, completely and truthfully, prior to his indictment and before any other participants confessed, without protection in the form of a proffer letter.   Maldonado made no effort to avoid responsibility, but instead gave the FBI truthful answers and useful documents that helped shorten the investigation and allowed the case agent and prosecutor to devote scarce resources to other cases.

Maldonado also revealed what he knew about the participation of others in related mortgage fraud schemes. He has been available on a continuous and regular basis and has met whenever needed with the FBI. Although his assistance will not actually result in the prosecution of other persons, Maldonado's information was nonetheless useful, and the lack of additional prosecution is not the result of any deficiency in his cooperation.

## II.
## Buffy Lawrence

The United States has no objection to defendant Buffy Lawrence's Presentence Investigation Report which finds (in para. 77) that the appropriate sentencing range for Ms. Lawrence is 63 to 78 months. However, the United States hereby **moves the Court to depart downward <u>by one third from this range</u> pursuant to § 5K1.1** because of defendant Lawrence's substantial assistance in the investigation of other persons.

Defendant Lawrence freely confessed to the FBI about her role in the scheme without hesitation, completely and truthfully, before her indictment. Like Maldonado, Lawrence accepted responsibility at the very outset of the investigation. She gave the FBI complete and accurate answers to all questions, and volunteered additional information. Most significantly, Lawrence's cooperation was instrumental in persuading her husband, defendant Walter Macapaz, to enter a guilty plea in this case – which saved the government a great deal of resources.

Lawrence also provided useful and accurate information about a defendant in the case <u>United States v. Martinez et al.</u>, Crim. No. H-13-691, prior to the indictment in that case. Lawrence may be called as a government witness in that case.

Finally, Lawrence revealed what she knew about the participation of others in various mortgage fraud schemes. Lawrence has been available on a continuous and regular basis and has

met whenever needed with the FBI.  Although her assistance will not result in the prosecution of other persons for mortgage fraud, the information was nonetheless useful and the lack of additional prosecution is not the result of any deficiency in Lawrence's cooperation.

### III.
### Walter Macapaz

Pursuant to paragraph 11(c) of the plea agreement, the United States recommends that defendant Walter Macapaz be sentenced at the low end of the guidelines range.  That range is 121 to 151 months, according to the Presentence Investigation Report (para. 84), so the United States thus recommends that Macapaz be sentenced to 121 months in custody.

Macapaz did, in fact, cooperate with the FBI in the investigation and prosecution of his own case, by providing truthful and accurate information.  As a result of that cooperation, the government agreed to recommend that Macapaz receive a three-level downward adjustment pursuant to Guidelines § 3E1.1 for accepting responsibility and for timely notifying authorities of his/her intention to enter a plea of guilty.  This recommendation, if accepted by the Court, will likely result in reducing Macapaz's sentence by almost four years.  (Without the three-level reduction, the total offense level for Macapaz would have been 35, not 32, and the low end of the guidelines range would have been 168 months, not 121 months).

The government does _not_ request a downward departure for defendant Macapaz.  As pointed out in the first two-pages of his sentencing memorandum, Macapaz did provide information to the FBI with respect to other persons, including his co-defendants.  However, the United States disagrees with Macapaz's claim that his cooperation "unquestionably led to the conviction of all of the other co-defendants in this case."  In reality, it worked the other way around.  In any event, the United States cannot describe Macapaz's cooperation as "substantial" because, among other

reasons, the government believes Macapaz continued to commit criminal offenses after his guilty plea in this case, thereby completely undermining the value of his cooperation. Basically, despite having been directly warned not do so, Macapaz continued to submit false documents to various entities in order to obtain money. An example of such activity is described in the Exhibit A, which is a criminal complaint filed against Macapaz on March 17, 2014, in Las Vegas, Nevada. In another example, Macapaz used a fictitious name (Walter Roberts) in the fall of 2013 in an attempt to sell a stolen vehicle. See Exhibit B.

Reluctantly (because he cooperated), the United States will ask the Court to remand Macapaz to custody following his sentencing. Under 18 U.S.C. § 3143(a), Macapaz must be detained unless the Court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Under Rule 46(c), Fed.R.Crim.P., the burden of establishing that he will not flee or pose a danger to any other person or to the community rests with Macapaz. Given the lengthy prison sentence that he faces under the Sentencing Guidelines (10 years), the fact that he is a non-U.S. citizen who will likely be deported sometime after his release, and the very strong evidence of continuing criminal conduct that involves false documentation and an alias, the United States believes Macapaz cannot possibly meet that burden, and should begin serving his prison sentence right away.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By:   //John R. Lewis//
      John R. Lewis
      Assistant United States Attorney

4